Filed 6/16/23  P. v. Miller CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY MILLER,<br><br>    Defendant and Appellant. | B320983<br><br>(Los Angeles County<br>Super. Ct. No. GA043414) |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

_____

Michael Anthony Miller appeals the trial court's order denying his petition for vacatur of his conviction and resentencing under Penal Code section 236.15.[1]

In 2000, Miller was convicted of corporeal injury on a spouse (§ 237.5, subd. (a); count 1), assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1); count 2), and false imprisonment (§ 236; count 3). The jury found true the allegation that Miller had suffered two prior convictions for serious and or violent felonies within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Miller was sentenced to 25 years to life.

In 2021, Assembly Bill No. 124 (2021–2022 Reg. Sess.) was enacted. As relevant here, Assembly Bill No. 124 added section 236.15 to the Penal Code. Section 236.15 provides for vacatur of convictions for nonviolent offenses if the offense was the direct result of the defendant being a victim of intimate partner violence or sexual violence. Assembly Bill No. 124 became effective on January 1, 2022.

In 2022, Miller filed a motion to vacate his convictions, which the trial court denied because Miller failed to plead facts that would entitle him to relief.[2] Miller timely appealed.

Miller's counsel filed a brief indicating he could find no arguable issues to raise on appeal and requesting that this court (1) inform Miller of his right to file a supplemental brief; and (2)

---

[1] All further statutory references are to the Penal Code.

[2] The trial court included another ground for denying relief that, in light of our disposition, we do not address here.

exercise our discretion to conduct an independent review of the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.)

After receiving notice, Miller personally filed a brief raising multiple contentions, which we address below.

## DISCUSSION

### *Legal Principles*

Section 236.15, subdivision (a) provides: "If a person was arrested for or convicted of any nonviolent offense committed while the person was a victim of intimate partner violence or sexual violence, the person may petition the court for vacatur relief of their convictions, arrests, and adjudications under this section. The petitioner shall establish, by clear and convincing evidence, that the arrest or conviction was the direct result of being a victim of intimate partner violence or sexual violence which demonstrates that the person lacked the requisite intent to commit the offense. Upon this showing, the court shall find that the person lacked the requisite intent to commit the offense and shall therefore vacate the conviction as invalid due to legal defect at the time of the arrest or conviction." "The petition for relief shall be submitted under penalty of perjury and shall describe all of the available grounds and evidence that the petitioner was a victim of intimate partner violence or sexual violence and the arrest or conviction of a nonviolent offense was the direct result of being a victim of intimate partner violence or sexual violence." (§ 236.15, subd. (b).) Vacatur and resentencing are appropriate only if: "After considering the totality of the evidence presented, the court . . . finds all of the following:  [¶] (1) That the petitioner

was a victim of intimate partner violence or sexual violence at the time of the alleged commission of the qualifying crime. [¶] (2) The arrest or conviction of the crime was a direct result of being a victim of intimate partner violence or sexual violence. [¶] (3) It is in the best interest of justice." (§ 236.15, subd. (g).)

*Analysis*

Miller contends that he is entitled to relief because he proved he was a victim of intimate partner violence by a preponderance of the evidence. Specifically, Miller points to evidence that he was released and an unrelated case against him dismissed in Pasadena Superior Court Case No. GA039962.[3] This contention lacks merit. Miller sets forth the wrong standard. He was required to provide clear and convincing evidence of his eligibility (§ 236.15, subd. (b)), which is a more difficult burden to meet. Standards aside, Miller's evidence demonstrates only that charges against him were dismissed. It does not support his assertion that he was a victim of intimate partner violence. Nor does it show that Miller's convictions were the direct result of that alleged intimate partner violence. Both showings are required to establish eligibility for relief. (§ 236.15, subd. (g).)

Miller next contends that the court should have granted his section 236.15 petition because it was unopposed. Miller cites to

---

[3] Miller attached to his petition a minute order in case No. GA039962 reflecting that the cause was dismissed in the interests of justice. The minute order does not reflect the nature of the charges against him. In his supplemental briefing Miller mistakenly refers to case No. GA039962 as case No. GA043414.

section 236.15, subdivision (d), which states: "If opposition to the petition is not filed by the applicable state or local prosecutorial agency, the court shall deem the petition unopposed and may grant the petition." When interpreting a statute, our primary objective is to ascertain the Legislature's intent. (*People v. Ledesma* (1997) 16 Cal.4th 90, 95.) We do so by first looking to the language of the statute. (*Ibid*.) When interpreting a statute contained in the Penal Code, " '[w]ords and phrases must be construed according to the context and the approved usage of the language . . . .' " (*Ibid*., citing § 7, subd. 16.) Here, it appears that the Legislature intended to permit the court to grant an unopposed petition in its discretion. The statute contains both the words "shall" and "may" in the same sentence, which indicates that the Legislature intended to make a distinction between the authority to deem a petition unopposed (mandatory), and the authority to grant the petition (discretionary). (See *Judith P. v. Superior Court* (2002) 102 Cal.App.4th 535, 551 [holding "may" permissive where used in the same statute as "shall," which is mandatory].) The trial court was not required to grant Miller's petition simply because it was unopposed.

Miller further argues that he was entitled to a hearing under section 236.15. subdivision (f), which provides: "If the petition is opposed or if the court otherwise deems it necessary, the court shall schedule a hearing on the petition." The word "if" indicates a condition precedent to the granting of a hearing—i.e., a hearing must only be held where the petition is opposed (inapplicable here) or where the trial court deems a hearing otherwise necessary. The statute contains no criteria for determining whether a hearing meets the catch-all requirement of "otherwise necessary"; the judgment is left to the court. Here,

5

the court did not conclude that a hearing was otherwise necessary. Even if Miller was entitled to a hearing, he has shown no prejudice. Section 236.15 requires a petitioner to provide a description of "all of the available grounds and evidence" in support of the petition. In compliance with the statute, Miller provided the materials he relies upon to establish relief. As we have discussed, Miller's evidence does not meet the requirements of section 236.15, and he does not claim, much less substantiate, that the outcome of the proceedings would have been more favorable if he had been permitted to appear at a hearing on the matter.

Miller additionally contends that section 236.15, subdivision (j) entitled him to a rebuttable presumption that he was eligible for relief. This is incorrect. First, the provision applies solely to persons "described in [s]ection 602 of the Welfare and Institutions Code," which Miller is not.[4] Second, such persons are entitled to a presumption of eligibilty only if they establish "the arrest or adjudication was the direct result of being a victim of intimate partner violence or sexual violence." As we have already discussed, Miller was unable to make this showing.

The remaining issues Miller raises relate to his underlying trial and alleged errors in sentencing. Petitions for resentencing are limited to the issues implicated by the statute governing the resentencing procedure. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [appeal of denial of former § 1172.6 resentencing petition limited to issues implicated by statute].) These issues do not fall within the scope of section 236.15.

---

[4] Welfare & Institutions Code, section 602 does not apply to any person who was not a minor age 17 or younger at the time of the offense.

## DISPOSITION

The trial court's order denying the petition for resentencing under section 236.15 is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


BAKER, Acting, P. J.


KIM, J.